# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHASE HOME FINANCE, LLC, | |
| Plaintiff, | NO. 3:10-CV-00033 |
| v. | (JUDGE CAPUTO) |
| WILFREDO TORRES and IRENE TORRES, | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is the Complaint of Plaintiff Chase Home Finance, LLC ("Megaphase"). (Doc. 1.) Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action

if it lacks subject matter jurisdiction).

Here, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction. In viewing the Complaint, some facts have been alleged regarding the citizenship of the parties, but the facts alleged are insufficient. Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the company's state of incorporation and its principal place of business. Plaintiff alleges that it is a "corporate body" organized pursuant to 12 U.S.C. § 1452, with a principal place of business in Ohio. This allegation does not include Plaintiff's state of incorporation. Thus, diversity jurisdiction is not properly alleged.

Furthermore, the statute cited by Plaintiff was passed to create the Federal Home Loan Mortgage Corporation ("Freddie Mac"). Plaintiff has not sufficiently alleged how it, as a private business entity, is affected by this statute. To the extent that this statute is applicable to Plaintiff, any suit in which Freddie Mac is a party is deemed to arise under the laws of the United States, thereby invoking federal question jurisdiction, not diversity jurisdiction. 12 U.S.C. §1245(f)(2).

Because the citizenship is insufficiently alleged for certain Defendants, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this 11th day of January, 2010, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint is **DISMISSED without prejudice**. The Clerk of the Court shall mark this case **CLOSED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge